IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **PATRICIA FLETCHER**, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: RWT 11cv3220 |
| **LINDA H. LAMONE**, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

On November 10 2011, Plaintiffs, a group of nine African-American registered voters who reside in various Maryland congressional districts, filed a seven-count Complaint against the Defendants.  Doc. No. 1.  Plaintiffs allege that the newly enacted Maryland congressional redistricting plan violates their civil rights because the plan (1) intentionally discriminates against racial minorities in violation of the Fourteenth and Fifteenth Amendments of the United States Constitution; (2) unlawfully dilutes the voting strength of African Americans in violation of the Voting Rights Act of 1965; (3) malapportions districts by violating Article One, Section Two of the United States Constitution and the Fourteenth Amendment; and (4) constitutes a political gerrymander in violation of the Fourteenth Amendment.  Compl. ¶ 2.  Plaintiffs seek declaratory judgment, injunctive relief, and costs and attorneys' fees. *Id.* ¶¶ 1-3.

Plaintiffs also filed a motion to convene a three-judge court pursuant to 28 U.S.C. § 2284. Doc. No. 2.  Plaintiffs argue that "[w]hen challenging the constitutionality of the apportionment of a statewide redistricting, federal law mandates that a three-judge panel hear the case." *Id.* at 1 (citing 28 U.S.C. § 2284(a)).  Defendants filed their opposition to Plaintiffs' motion on

November 18, 2011, in which they subsume their three-judge court opposition into a Rule 12(b)(6) motion and argue that the Complaint fails to allege: (1) plausible claims that Maryland's congressional redistricting plan intentionally discriminates on the basis of race in violation of the Fourteenth and Fifteenth Amendments, (2) a violation of § 2 of the Voting Rights Act or Article One, Section Two of the United States Constitution, or (3) political gerrymandering in violation of the Fourteenth Amendment.  Doc. No. 14.  Plaintiffs filed their reply today in which they maintain that a three-judge court is appropriate because they have stated "substantial" constitutional claims that must be decided by a three-judge court.  Doc. No. 16.  For the reasons discussed below, the Court will grant Plaintiffs' Motion to Convene a Three-Judge Court, Doc. No. 2, and will immediately notify Chief Judge Traxler of the United States Court of Appeals for the Fourth Circuit as mandated by 28 U.S.C. § 2284(b)(1).

Section 2284 of title 28 of the United States Code states that "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).  Subsection (b) discusses the procedure for the creation of a three-judge court as follows: "Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit," who is directed to designate two other judges, one of whom must be a circuit judge.  *Id.* § 2284(b)(1).

Despite the seemingly mandatory language of § 2284(a), a single district judge may determine that a three-judge court need not be convened if "the compliant does not state a substantial claim for injunctive relief." *Maryland Citizens for a Representative Gen. Assembly v. Governor of Maryland*, 429 F.2d 606, 611 (4th Cir. 1970); WRIGHT & MILLER 17A FED. PRAC. &

PROC. JURIS. § 4235 (3d ed.) ("It has always been clear that the single judge must decide in the first instance whether a case is one in which three judges are required although that question can be reconsidered by the three-judge court after it is convened and it can dissolve itself and return the case to the single judge if it does not think a three-judge court is required by statute."). "Insubstantiality in the claim may appear because of absence of federal jurisdiction, lack of substantive merit in the constitutional claim, or because injunctive relief is otherwise unavailable." *Maryland Citizens*, 429 F.2d at 611; *see Simkins v. Gressette*, 631 F.2d 287, 290 (4th Cir. 1980) (quoting *Maryland Citizens*, 429 F.2d at 611).

Although the Fourth Circuit has not directly addressed when a constitutional claim has "substantive merit," *Maryland Citizens*, 429 F.2d at 611, the Supreme Court offers guidance to what constitutes an "insubstantial" constitutional claim.  *See e.g.*, *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975) (finding that a constitutional claim is insubstantial if it is "obviously without merit or clearly concluded by this Court's previous decisions") (citations omitted); *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) ("A claim is insubstantial only if its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.") (quotation omitted); *Goosby v. Osser*, 409 U.S. 512, 518 (1973) (finding that constitutional insubstantiality "has been equated with such concepts as essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit") (quotations omitted); WRIGHT & MILLER, *supra* (finding that a single judge "can dismiss, without calling for three judges, if the claim is so insubstantial that it does not invoke federal jurisdiction, although the Supreme Court in recent cases has indicated that cases in which dismissal on this ground is proper will be rare indeed") (collecting cases).

Here, Plaintiffs argue that this Court must convene a three-judge court. They maintain that "a single judge's authority is limited to deciding questions of whether claims are constitutionally substantial, while the three-judge panel decides motions brought under 12(b)(6)." Doc. No. 16 at 4. Plaintiffs' contend that their claims are constitutionally substantial, and thus this Court should grant their motion to convene a three-judge court. *Id.* at 2-5. In the alternative, Plaintiffs maintain that the Complaint is well-plead and that they are entitled to a three-judge court. *Id.* at 5-29. Defendants contend that "the single district court judge is called upon to test the substantive merit of the [Plaintiffs'] claims by applying the standard of review for a motion to dismiss under Rule 12(b)(6)." Doc No. 14 at 2. This Court disagrees.

The Fourth Circuit has never expressly held that a single judge should rely on the standard of review for a motion to dismiss under Rule 12(b)(6) to determine if a constitutional claim that seeks to invoke the provisions of 28 U.S.C. § 2284 is "substantial." The Supreme Court's standard for determining if a claim is insubstantial dictates that a court should apply a distinct procedure and standard that differs from a 12(b)(6) motion. The Supreme Court has found that a claim is insubstantial if it is "obviously without merit," *McLucas*, 421 U.S. at 28, if the "questions sought to be raised" fail to "be the subject of controversy," *Hagans*, 415 U.S. at 538, or if it is "essentially fictitious" or "obviously without merit." *Goosby*, 409 U.S. at 518. The Supreme Court "has indicated that cases in which dismissal on this ground is proper will be rare indeed." WRIGHT & MILLER, *supra*.

The Court finds that the Complaint's constitutional claims are substantial and that the convening of a three-judge court is appropriate.[1] Plaintiffs assert that Maryland's congressional redistricting plan unlawfully dilutes the voting strength of African Americans in violation of the Voting Rights Act of 1965, intentionally discriminates against racial minorities in violation of

---

[1] The Court, however, expresses no opinion about the merits of Defendants' Motion to Dismiss.

the Fourteenth and Fifteenth Amendments, malapportions districts by violating Article One, Section Two of the United States Constitution and the Fourteenth Amendment, and constitutes a political gerrymander in violation of the Fourteenth Amendment.  These claims are not "obviously without merit or clearly concluded by [the Supreme Court's] previous decisions." *McLucas*, 421 at 28.  Additionally, previous decisions of the Fourth Circuit and the Supreme Court do not "foreclose" the claims alleged by Plaintiffs to the extent that they "leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Hagans*, 415 U.S. at 538.

      For the foregoing reasons, the Court will grant Plaintiffs' Motion to Convene a Three-Judge Court.  Doc. No. 2.  A separate Order follows.

<u>November 21, 2011</u>　　　　　　　　　　　　　　　　<u>　　　　　/s/　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　　　　Roger W. Titus
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge