**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| PATRICIA FLETCHER, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. RWT 11-3220 |
| LINDA H. LAMONE, *et al.*, | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

The defendants, Linda H. Lamone and Robert L. Walker, though counsel, oppose the motion to intervene as plaintiffs (Paper No. 22) that was made by C. James Olson, C. Paul Smith, Ronald George, Carl F. Middledorf, Antonio Wade Campbell and Phillip J. Smith at 11:00 p.m. yesterday, the day before the defendants are to file their dispositive motion under the schedule adopted by the Panel (Paper No. 21). The motion should be denied, because intervention will unnecessarily delay these proceedings and because the claims asserted by the proposed intervenors are insubstantial and are therefore not properly brought before a three-judge panel.

1.  The plaintiffs brought this action on November 10, 2011. It is on a fast track in order to avoid disruption of the election process. Within two weeks after the filing of the complaint, the Court entered an order directing briefing on the threshold question whether a three-judge panel should be convened, the parties briefed the issue, and the Court issued its

ruling.  (Paper Nos. 12, 14, 16, 18.)  The defendants are filing a dispositive motion today, four days after the three-judge panel was convened, in accordance with the Panel's order.  Briefing is to be completed within two weeks, and a hearing has been scheduled for December 20, 2011.

2. During the same period, the proposed intervenors apparently brought suit in State court, yet—according to the papers they filed yesterday in this Court—neglected to serve the defendants with the summons.  (Paper No. 22-3, at 2.)  The proposed intervenors state that they "expect that the scheduling order would have to be modified slightly" to allow briefing on their request for intervention."  (Paper No. 22 ¶ 11.)  They nevertheless offer an assurance that their intervention "at this point would not delay this case."  (Paper No. 22-3, at 3.)  That assurance should be regarded with skepticism, in light of their dilatory prosecution of their claims in State court.  Intervention by these proposed plaintiffs would endanger the ability of the Panel and the parties to adhere to the schedule imposed in this case, which is essential to avoid delay in, or disruption of, the upcoming elections.[1]

3. The proposed intervenors assert that they are advancing claims that raise "some of the same legal issues" as the existing plaintiffs.  To the extent that this is true, there is no sound reason to have another set of plaintiffs and another set of counsel making the same arguments.  The existing plaintiffs are represented by capable counsel.

---

[1] The defendants' dispositive motion, which will be filed later today, contains a detailed explanation of the schedule for tasks to be completed in advance of the primary election.

4. The proposed intervenors also are advancing claims that are different from those brought by the existing plaintiffs, but their principal federal claim is squarely foreclosed by Supreme Court and Fourth Circuit precedent.

a. Allowing another set of plaintiffs to present claims before this Panel without making the required threshold showing of substantiality would subvert the purpose served by that requirement. *See* 28 U.S.C. § 2284(b)(1). Subsection (b)(1) of 28 U.S.C. § 2284 authorizes a district court to forgo a three-judge panel "'[i]f it appears to the single district judge that the complaint does not state a substantial claim for injunctive relief. . . .'" *Simkins v. Gressette*, 631 F.2d 287, 290 (4th Cir. 1980) (citation omitted). The proposed intervenors cannot meet this standard.

The proposed intervenors' claims are patently insubstantial on their face, whether this Court applies (as it is bound to do) the Fourth Circuit's controlling authority interpreting "insubstantiality" for this purpose, *see Duckworth v. State Admin. Board of Election Laws*, 332 F.3d 769, 772-73 (4th Cir. 2003) (holding that, where "pleadings do not state a claim" under Rule 12(b)(6), "then by definition they are insubstantial and so properly are subject to dismissal by the district court without convening a three-judge court"), or instead applies pre-*Duckworth* authority, as the single district judge did in determining to convene this Panel. (Paper No. 17, at 2-3 (quoting, *inter alia*, *McLuca v. DeChamplain*, 421 U.S. 21, 28 (1975) (claim is insubstantial if it is "obviously without merit or clearly concluded by this Court's previous decisions"); *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (claim is

3

insubstantial "if its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy")).)

  b.  The proposed intervenors direct the Panel to a motion apparently filed (and not served) in their State-court action, which they claim shows that their claims are substantial. On the contrary, that document and the proposed complaint-in-intervention demonstrate that their allegations "do not state a claim" and are "clearly concluded by [the Supreme Court's previous decisions]" because the complaint relies entirely on allegations that the State of Maryland's newly-adopted congressional districts have not been "rationally geographically defined" because, allegedly, the districts are not "compact, contiguous and defined with due regard to natural and political subdivision boundaries." (Paper No. 22-1 ¶¶ 2, 18.)

The proposed intervenors contend that, under Article I, § 2 and Article IV, § 4 of the United States Constitution and under the Fourteenth Amendment, the State of Maryland is required "to establish congressional districts which are compact and contiguous and which give due regard to political subdivision boundaries." Article IV, § 4 the "Guaranty Clause," is the constitutional provision that guarantees each state a republican form of government. Any claim under that provision presents a non-justiciable political question, as the Supreme Court held more than a century-and-a-half ago. *See Luther v. Borden*, 48 U.S. (7 How.) 1 (1849).

4

More fundamentally, the proposed intervenors' contention that congressional districts must be "compact and contiguous" has no basis in federal law, and in fact has been rejected by both the Supreme Court and the United States Court of Appeals for the Fourth Circuit. In *Duckworth*, the Fourth Circuit affirmed the dismissal of similar claims as insubstantial. In so doing, the Court relied on Supreme Court authority emphasizing that principles of apportionment, including "contiguousness" and "compactness and respect for political subdivisions" are not required by the United States Constitution:

> Referring to principles of compactness, contiguity and respect for political subdivisions, the Supreme Court stated: "these criteria are important not because they are constitutionally required—*they are not*— but because they are objective factors that may serve to *defeat* a claim that a district has been gerrymandered."

*Duckworth v. State Admin. Board of Election Laws*, 332 F.3d 769, 778 (4th Cir. 2003) (quoting *Shaw v. Reno*, 509 U.S. 630, 647 (1993)) (other citations omitted) (emphasis supplied in *Duckworth*).

The Fourth Circuit in *Duckworth* also affirmed dismissal of the claim presented there, as here, that was based on the allegation that the congressional districting plan lacked "contiguity," because, as is also true in this case, the allegation was clearly contradicted by the actual map of the plan, which was attached as an exhibit to the complaint. The Fourth Circuit stated:

> [C]ontiguity presents a matter of readily discernible fact. A district either is, or is not, contiguous. And though Duckworth's complaint repeatedly asserts that the challenged districts are not 'contiguous,' his pleadings contain maps that demonstrate the opposite: that the districts

5

>are contiguous. . . . [S]ince his proffered exhibits make clear that the districts are contiguous in fact, his allegations that they are not contiguous are simply conclusory, and thus insufficient to support his action.

*Duckworth*, 332 F.3d at 777.

Both of those grounds the Fourth Circuit cited in affirming the insubstantiality of the complaint in *Duckworth* also apply to the proposed complaint-in-intervention: (1) it relies on principles of apportionment that "are not" "constitutionally required," *id*. at 778 (quoting *Shaw*, 509 U.S. at 647), and (2) the allegations of non-contiguity "are simply conclusory, and thus insufficient to support his action" because they are contradicted by the State's map, attached as Exhibit 2 to the complaint, which "make[s] clear that the districts are contiguous in fact," *Duckworth*, 332 F.3d at 777.

c.   The proposed intervenors' complaint also asserts State-law claims, which are based on Article III, § 4 of the Maryland Constitution. That provision applies only to *State* legislative districts, not congressional districts. *See Duckworth v. State Admin. Board of Election Laws,* 213 F. Supp. 2d 543, 552 (D. Md. 2002), *aff'd,* 332 F.3d 769 (2003). Accordingly, this State-law claim is also without merit, and certainly does not justify the exercise of supplemental jurisdiction, given the ease with which the Court could dispose of the proposed intervenors' federal-law claims. *See generally United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The proposed intervenors cannot demonstrate that their intervention would assist the Panel in resolving the claims already before it, and their proposal to inject new claims into this action

at this point in the proceedings should be rejected because they are insubstantial and would only serve to delay proceedings that, by necessity, must be conducted expeditiously.

The motion to intervene should be denied.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

/s/
_____
WILLIAM F. BROCKMAN
Assistant Attorney General
  D. Md. Bar No. 26576
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
wbrockman@oag.state.md.us
(410) 576-7055 (telephone)
(410) 576-6955 (facsimile)

December 2, 2011                                     Attorneys for Defendants