IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**PATRICIA FLETCHER,** *et al.*,

   Plaintiffs,

v.

**LINDA H. LAMONE,** *et al.*,

   Defendants.

Case No.: RWT 11cv3220

## MEMORANDUM OPINION

On November 10, 2011, Plaintiffs, a group of nine African-American registered voters who reside in various Maryland congressional districts, filed a seven-count Complaint against the Defendants. Doc. No. 1. Plaintiffs allege that the newly enacted Maryland congressional redistricting plan violates their civil rights because the plan (1) intentionally discriminates against racial minorities in violation of the Fourteenth and Fifteenth Amendments of the United States Constitution; (2) unlawfully dilutes the voting strength of African Americans in violation of the Voting Rights Act of 1965; (3) malapportions districts by violating Article One, Section Two of the United States Constitution and the Fourteenth Amendment; and (4) constitutes a political gerrymander in violation of the Fourteenth Amendment. Compl. ¶ 2. Plaintiffs seek declaratory judgment, injunctive relief, and costs and attorneys' fees. *Id.* ¶¶ 1-3. Plaintiffs also filed a motion to convene a three-judge court pursuant to 28 U.S.C. § 2284. Doc. No. 2.

The Court entered a memorandum opinion and order on November 21, 2011, granting Plaintiffs' motion to convene a three-judge court. Doc. Nos. 17, 18. On November 23, 2011, Chief Judge William Traxler, Jr. of the United States Court of Appeals for the Fourth Circuit entered an order designating Judge Paul V. Niemeyer, Judge Alexander Williams, Jr., and Judge Roger Titus to serve on the three-judge court. Doc. No. 20. The three judges conferred and this Court entered an expedited scheduling order on December 1, 2011. Doc. No. 21.

On December 1, 2011, six individuals ("Petitioners"), registered voters in various Maryland congressional districts, filed a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Doc. No. 22. Some of the legal issues of Petitioners' claims are the same as those of the original Plaintiffs, namely that Maryland's redistricting plan violates Article I, Section 2 of the United States Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. Doc. No. 22 ¶ 5. Petitioners also allege that the redistricting plan violates Article IV, Section 4 of the United States Constitution and violates the Maryland Constitution and Maryland Election laws.

Defendants filed their opposition to the motion to intervene on December 2, 2011, in which they argue that the motion should be denied. Doc. No. 30. They contend that "the claims asserted by the proposed intervenors are insubstantial and are therefore not properly brought before a three-judge panel." *Id.* at 1. Defendants also argue that Petitioners "cannot demonstrate that their intervention would assist the Panel in resolving the claims already before it," which will result in "delay[ing] proceedings that, by necessity, must be conducted expeditiously." *Id.* at 6-7.

For the following reasons, Petitioners motion to intervene will be denied.

Federal Rule of Civil Procedure 24 allows for "Intervention of Right" and "Permissive Intervention." Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention of right when:

> The applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

FED. R. CIV. PRO. 24(a)(2). The Fourth Circuit interprets Rule 24(a)(2) to require that proposed intervenors demonstrate four factors in order to intervene as a matter of right: (1) their motion is timely; (2) they possess a "direct and substantial interest" in the subject matter of the litigation; (3) the denial of intervention would significantly impair or impede their ability to protect their interests; and (4) their interests are not adequately protected by the existing parties. *See Richman v. First Woman's Bank*, 104 F.3d 654, 658-59 (4th Cir. 1997).

Here, Petitioners fail to satisfy the final requirement. While the "burden of showing an inadequacy of representation is minimal . . . . [w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

Here, although the burden of showing inadequacy of representation is minimal, Petitioners share the same ultimate concerns as Plaintiffs, namely their contention that Maryland's congressional boundaries must be redrawn to comply with state and federal law. Because they share the same ultimate goal, Petitioners are required to overcome the presumption

that their interests are adequately represented, which requires a showing of "adversity of interest, collusion, or nonfeasance." *Id.* Petitioners have failed to make such a showing. Thus, intervention of right is improper.

Federal Rule of Civil Procedure 24(b) governs when permissive intervention is proper. "On a timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. PRO. 24(b)(1)(B). The decision to grant or deny a motion to intervene pursuant to Rule 24(b) "lies with the sound discretion of the trial court" although "some standards have been developed to guide the courts in making intervention determinations." *Hill v. W. Elec. Co. Inc.*, 672 F.2d 381, 386 (4th Cir. 1982). A court, in exercising its discretion, "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. PRO. 24(b)(3). The Fourth Circuit has indicated an important factor to consider for permissive intervention is whether the original parties will be prejudiced. *See W. Elec. Co. Inc.*, 672 F.2d at 386.

Here, permissive intervention is inappropriate because of the undue delay that it is likely to cause in this case. As discussed above, this Court's scheduling order established an expedited timeline. *See* Doc. No. 21. Allowing Petitioners whose claims are already adequately represented by Plaintiffs to intervene would likely delay proceedings that must be conducted expeditiously.

For the foregoing reasons, the Court will deny Petitioners' Motion to Intervene, Doc. No. 22, but will grant leave for Petitioners to submit a memorandum as *amicus curiae* by December 7, 2011. A separate order follows.


Date: <u>December 2, 2011</u>                      <u>      /s/            </u>
                                                      ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE